UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**  \*
       Plaintiff,

                      \*    **Case No: 11-20684-CR-PAS**

      **v.**

                      \*

**LAZARO PRAT**
**LISSETTE LOPEZ PRAT**
       **Defendants.**    \*
_____/

### JOINT PETITION TO EXEMPT ATTORNEY'S FEES FROM FORFEITURE

**COME NOW,** the undersigned J.C. Codias Esq., and Emanuel Perez, Esq., and respectfully file this their joint petition to exempt attorneys's fees from forfeiture, and state as follows.

1.  The government has filed a motion to forfeit attorney's fees from undersigned counsel based on the premise that purportedly tainted funds cannot be used to pay for attorney's fees.

2.  On Monday December 19, 2011 undersigned counsel were first contacted about providing permanent representation to the two listed defendants.

3.  On Monday December 19, 2011 undersigned counsel checked the Pacer to find out the history of the case and found the government had filed five (5) Lis Pendens against five (5) different real properties.

4.  On Monday December 19, 2011 there was no Temporary Retraining Order nor Preliminary Injunction signed by any district court judge authorizing restriction of any assets of the defendants.

5.  On Monday December 19, 2011 undersigned counsel was told by his clients that three

1

(3) days earlier on December 16, 2011 there had been a bond hearing and that they had previously hired attorney Ed Shohat on a temporary basis for the bond hearing purposes and had paid him $25,000 for that work from one of the bank accounts of Mr. Lazaro Prat.

6. There was nothing improper with Mr. Shohat accepting that check for his services since there was no judicial restriction on those funds in this bank account of Mr. Lazaro Prat.

7. The government has not tried to forfeit the attorney's fees paid to Mr. Shohat a few days earlier because it knows there was no judicial restriction on those funds a the time the fee was paid from this bank account of Mr. Lazaro Prat.

8. On January 25, 2012 the government requested from undersigned counsel voluntary forfeiture of the rental proceeds deposited in this very same bank account of Mr. Lazaro Prat.

9. On Tuesday December 20, 2011 undersigned counsel received $20,000 as payment for the permanent representation of this case and that check was deposited in Mr. Codias's bank account in the normal course of business.

10. On Tuesday December 20, 2011 undersigned counsel again checked the Pacer and there was no Temporary Restraining Order nor Preliminary Injunction signed by any district court judge authorizing restriction of any assets of the defendants.

11. A day or two later the Pacer showed that two (2) additional Lis Pendens against two (2) different real properties had been filed for a total of seven (7) real properties as well as a Bill of Particulars reflecting the government's intention to forfeit these seven (7) properties as well as two (2) bank accounts namely the Rosy Construction bank account and Mr. Lazaro Prat's personal checking account.

12. The government probably had years to prepare this indictment as it was filed under seal on September 29, 2011 making allegations dating back to 2002, **about 9 years earlier.**

13. If the government was so concerned that the property owned by the defendants was going to be dissipated if not restricted i.e., sell or mortgage of the real property or buying a diamond ring or a new car, it had ample time to request a temporary restraining order from this Honorable Court.

14. That was the proper remedy. After a TRO is entered the owners of the assets receive written notice in the mail and about 10 days later a hearing is had to see if the TRO is to be extended to a preliminary or permanent injunction.

15. The immediate effect of the restraining order is that all assets are frozen including the bank accounts and cannot be used for any purposes. **It also puts defense counsel on notice that the funds are restricted.**

16. At the TRO hearing defense lawyers can petition the court to exempt from forfeiture funds to be used for attorney's fees since there has not been any order of forfeiture against those assets and the court has the authority to exempt those funds if they are to be used to secure the right to counsel in a criminal case.

17. An indictment is an accusation reflecting the future intention of the government to convict that person of the charged offenses at some time in the future. **An indictment is not a Judgement of Conviction signed by a federal district court judge.**

18. A Lis Pendens is a notice to the world that anyone who takes any interest in any of the listed real properties will take such interest subordinate to the interests of the government**.**

**A Lis Pendens is not a Judgement of Forfeiture signed by a federal district court judge.**

19. A Bill of Particulars is an accusation supplementing the indictment reflecting the intention of the government to seek forfeiture of the listed assets at future forfeiture proceedings. **A Bill of Particulars is not a Judgement of Forfeiture signed by a federal district court judge.**

20. Undersigned counsel relied in the absence of any restrictions on the funds to be used for attorney's fees and proceeded to start representing these defendants.

21. To date undersigned counsel have spent over 100 hours of work in the representation of these defendants plus almost two thousand dollars in out-of-pocket expenses and anticipate an additional 200 hours of work until the completion of the case.

22. On February 6, 2012 the government filed yet another motion for protective order which was granted by this Honorable Court.

23. It is respectfully requested that this Honorable Court exempt 300 hours of attorney's fees from any order of forfeiture.

**WHEREFORE**, Movants respectfully pray this Honorable Court exempt 300 hours of attorney's fees from any order of forfeiture.

### CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed this 6th day of February, 2012.

Respectfully submitted,

        S/A J.C. Codias, Esq.
        S/A Emanuel Perez Esq._____
        Florida Bar No. 0471577
        825 So. Brickell Bay Drive
        Tower 3, Suite 1243
        Miami, Florida  33131
        Phone No.: (305) 372-8875

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**
    **Plaintiff,**                      *

                                      *    **Case No: 11-20684-CR-PAS**

    **v.**
                                        *

**LAZARO PRAT**
    **Defendant.**                    *
_____/

## **ORDER**

This matter having come before the Court upon the motion of defendants Lazaro Prat and Lissette Lopez Prat to exempt attorneys's fees from forfeiture.

**IT IS HEREBY ORDERED** that the motion is **GRANTED and** 300 hours of attorney's fees will be exempted from any order of forfeiture

.

Signed in Miami, Florida, this_____day of _____, 2012.

                                                            _____
                                                            **Honorable Patricia A. Seitz**
                                                            **United States District Court Judge**