**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**     *
       Plaintiff,

                               *     **Case No: 11-20684-CR-PAS**

    v.

                               *

**LAZARO PRAT**
       Defendant.     *
_____/

**INFORMATIVE PLEADING**

COMES NOW the Defendant Mr. Lazaro Prat by and through his undersigned counsel and respectfully files this his Informative Pleading and states,

1.  The exhibits filed in support of Mr. Prat's motion to dismiss surplusage from indictment consist mostly of corporate and commercial documents like corporate records; cancelled checks; spreadsheets, and copies of correspondence and Affidavit, and pages from the indictment.

2.  These exhibits do not contain patients names, or patient's addresses, or patients Social Security Numbers, or HIC numbers, or any other identifying number.

3.  The privacy of patients was at all times protected in compliance with this Honorable Court's order of 1/17/2012 (D.E.#53-1).

4.  These exhibits were scanned by undersigned counsel's printer and paid for and were attempted to be filed thru the CM/ECF in the normal course but the system did not process them.

5.  Undersigned counsel then went personally to the clerk's office to find out the maximum

number of pages allowed on each CDR batch and was told by the clerk that she thought the limit was 10 or 12 megabytes (MG) but that she didn't know the exact number of pages allowed on each CDR batch.

6. Undersigned counsel advised the clerk he didn't know this number either and proceeded then to manually file the already scanned exhibits.

7. Since, undersigned counsel has called the Help Desk of the CM/ECF system and was told that although the regulations indicate no more than 5 MG (megabites) will be accepted that it was really more like 10 MG but it could not tell the number of pages allowed on each CDR batch because that depended on how the document was formatted and how it was saved and depended also on the Font format and whether any of the documents contained pictures.

8. When undersigned counsel tried to get an estimate from the Help Desk of the amount of pages on each CDR batch based on normal typing he was told that they would not venture telling because that would be guessing.

9. Undersigned counsel has been complying with or at least trying to comply with filing requirements since the beginning of the CM/ECF system.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed this 27th day of March, 2012.

          Respectfully submitted,

          _____
          S/A
          Florida Bar No. 0471577
          825 So. Brickell Bay Drive

Tower 3, Suite 1243
Miami, Florida  33131
Phone No.: (305) 372-8875
Fax No.:    (305) 372-2745