UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CR-PAS(s)(s)

UNITED STATES OF AMERICA

vs.

LAZARO PRAT,

        Defendant.
_____/

## FACTUAL BASIS FOR PLEA

The parties hereby file this factual basis for defendant Lazaro Prat's (hereinafter "defendant") plea. By the signatures appearing at the end of this document, the parties hereby represent to the Court that if this case were to proceed to trial, the United States would prove by competent evidence beyond a reasonable doubt that:

At various times during in the time period of 2004 through August 2008, defendant owned and controlled three pharmacies. These pharmacies were Advance Medical Equipment, Inc. ("Advance Medical"), Medline Pharmacy Corp. ("Medline Pharmacy"), and Advanced Pharmacy, Inc. ("Advanced Pharmacy"). Defendant, acting with the knowing assistance of other persons, willfully utilized these pharmacies to submit and cause the submission of false and fraudulent claims to Medicare thereby causing Medicare losses in excess of $7,000,000 but less than $20,000,000.

First, the defendant and his conspirator caused the submission of false and fraudulent claims to Medicare through Advance Medical Equipment, after co-defendant Josue Fernandez was installed to become president of the company on paper. In August 2004, the defendant sold Advance Medical Equipment and received payment for the sale.

Second, in 2004, defendant asked co-defendant Lisette Lopez, a/k/a Lisette Lopez Prat ("Lopez Prat"), to open up a pharmacy in her name. On August 2, 2004, Lopez Prat incorporated Medline Pharmacy with the State of Florida. Lopez Prat was the registered director, president, vice president, secretary and treasurer of Medline Pharmacy from approximately August 2, 2004, through July 29, 2008, when the company was dissolved. Defendant and Lisette Lopez Prat opened up a business account for Medline Pharmacy at Bank of America ending in 7814. Defendant and Lisette Lopez Prat had signatory authority over account ending in 7814. On November 5, 2004, Lopez Prat applied to Medicare to obtain approval for Medline to be reimbursed for the sale of durable medical equipment (DME) to Medicare beneficiaries.

Defendant utilized Medline Pharmacy to cause the submission of false and fraudulent claims to Medicare. Defendant caused the submission of claims based on invalid prescriptions, and claims for services that were not medically necessary or not provided to the beneficiaries as claimed. Lopez Prat instructed Medicare to electronically deposit all Medicare payments to Medline into Bank of America account 7814. Defendant and Lopez-Prat agreed that they would each have signatory authority for Bank of America account 7814. The United States would prove that analysis of the records of this account reveals approximately 93% of funds deposited into Medline's Bank of America account 7814 were Medicare payments.

From about February 8, 2005, through July 29, 2008, defendant and Lopez Prat submitted and caused the submission of approximately $16,684,461 worth of claims to Medicare on behalf of Medline. Defendant and Lopez Prat obtained approximately, $10,638,800 of reimbursement payments by Medicare to Medline. Defendant knew that in excess of $7,000,000 of these funds were the proceeds of false and fraudulent claims on behalf of Medline for DME which were not ordered by a physician and not

2

provided to the beneficiary as claimed ~~when defendant had submitted or caused to be submitted.~~

The United States would further prove that Advance Medical Equipment, Medline Pharmacy, and Advanced Pharmacy submitted fraudulent claims to Medicare. The United States would prove that claims were submitted representing that the DME had been provided to Medicare beneficiaries based upon doctor's orders, when in fact, doctors who supposedly ordered the durable medical equipment would testify they did not in fact order the DME as claimed. Moreover, Advance Medical Equipment, Medline Pharmacy and Advanced Pharmacy submitted claims when they did not in fact provide the DME to the beneficiaries. The United States would prove that Medline Pharmacy and Advanced Pharmacy did not purchase sufficient inventory of some drugs to account for what they claimed to have provided to Medicare beneficiaries. Specifically, the United States would prove at trial that the total purchases of pharmaceuticals and over the counter medicines by Medline was not sufficient to account for millions of dollars of medicine that Medline represented to Medicare that it had provided to beneficiaries.

Defendant and Lopez Prat agreed to launder the proceeds of the Medicare fraud by conducting financial transactions involving the proceeds that would conceal and disguise the nature, location, source, ownership, and control of the proceeds. Defendant and Lopez Prat also agreed to launder checks worth over of $10,000 of the Medicare fraud proceeds through Bank of America.

Among the transactions conducted in furtherance of the agreement between defendant and Prat to launder the fraud proceeds were the following:

a.  Defendant and Lopez Prat wrote and negotiated checks from Medline's Bank of America account 7814 worth approximately $1,703,515 payable to Pharmacy Services, a company owned by Prat that conducted no legitimate business. Similarly, defendant and Lopez Prat

3

transferred funds through checks and other financial transactions totaling more than $800,000 from Medline's Bank of America account 7814 to companies owned by ~~Prat~~ the defendant that conducted no legitimate business. Defendant knew that these checks and financial transactions served no legitimate business purpose but were meant to disguise the movement and nature of the fraud proceeds.

b. Defendant and Lopez Prat wrote checks from Bank of America account 7814 payable to co-conspirator Josue Fernandez and Amerigroup Distributors totaling approximately $571,000. These transactions were designed to hide the fact that fraud proceeds were involved.

Defendant and Lopez Prat together enjoyed the proceeds of the Medicare fraud conducted through the three pharmacies by, among other things: purchasing and maintaining real property, vehicles, and miscellaneous personal expenditures. Defendant, directly or indirectly, utilized funds obtained through the fraudulent scheme to purchase, maintain and/or improve the following real properties, whether controlled or owned in his own name or in the names of others:

 a) real property located at 555 NE 15th Street, Apartment 25H, Miami, Florida 33132;

 b) real property located at 403 NW 72nd Avenue, #415-F, Miami, FL 33126;

 c) real property located at 900 Biscayne Boulevard, Unit 3803, Miami, Florida 33132;

 d) real property located at 8040 NW 95th Street, Hialeah Gardens, Florida 33016; and

 e) real property located at 17391 SW 290 Street, Homestead, Florida 33033.

Defendant, directly or indirectly, utilized funds obtained through the fraudulent scheme to purchase and maintain personal property, including the following vehicles:

 (a) one (1) 2006 Mercedes-Benz, VIN WDBNG70J26A468364; and

 (b) one (1) 2010 Toyota, VIN 5TFJU5F14AX004261.

Defendant utilized numerous bank accounts to commit and facilitate the commission of the

charged violations. Among the bank accounts involved in the offenses to which defendant is pleading guilty, are the following bank accounts:

    a)    Bank of America account number 8981123901 in the name of Lazaro Prat; and

    b)    Bank of America account number 5503268768 in the name of Rosy Construction, Inc.

    c)    $21,000 in U.S. Currency in Account ending in - 0271 at City National Bank is directly traceable to Bank of America account number 5503268768 in the name of Rosy Construction, Inc.



Defendant hereby acknowledges that he willfully and knowingly agreed with Lopez Prat to launder the Medicare fraud proceeds obtained through Medline.

|  |  |
|---|---|
|  | WILFREDO A. FERRER<br>UNITED STATES ATTORNEY |
| Date: 8/30/12 | By: _____<br>H. RON DAVIDSON<br>ASSISTANT U.S. ATTORNEY |
| Date: 8/30/12 | By: _____<br>DAVID TUCKER<br>ATTORNEY FOR DEFENDANT |
| Date: 8/30/12 | By: _____<br>BRIAN BARAKAT<br>ATTORNEY FOR DEFENDANT |
| Date: 8/30/12 | By: _____<br>LAZARO PRAT<br>DEFENDANT |