Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   Southern District of Florida |
|---|---|

| **Name** (under which you were convicted):<br>Lazaro Prat | **Docket or Case No.:**<br>11-20684-Cr-SEITZ |
|---|---|

| **Place of Confinement:**<br>FCI Coleman Low (846 NE 54 Ter., Sumterville, FL  33521) | **Prisoner No.:**<br>97736-004 |
|---|---|

| UNITED STATES OF AMERICA | **Movant** (<u>include</u> name under which you were convicted) |
|---|---|
| v. | LAZARO PRAT |

MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    U.S. District Court, Southern District of Florida (Miami, Florida)


    (b) Criminal docket or case number (if you know):  11-20684-Cr-SEITZ

2.  (a) Date of the judgment of conviction (if you know):  12/26/2012


    (b) Date of sentencing:  12/19/2012

3.  Length of sentence:  135 months imprisonment

4.  Nature of crime (all counts):

    Count 1: health care fraud conspiracy,18 USC 1349); and count 7: money laundering conspiracy,
    18 USC 1956




5.  (a) What was your plea? (Check one)

    (1)    Not guilty ❑          (2)    Guilty ❑✔          (3)    Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ❑          Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ❑        No ☑

8.  Did you appeal from the judgment of conviction?        Yes ❑        No ☑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ❑        No ☑

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☑        No ❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:   U.S. District Court, Southern District of Florida

        (2) Docket or case number (if you know):  11-20684-Cr-SEITZ

        (3) Date of filing (if you know):  8/15/2013

**(4) Nature of the proceeding:**   Motion to return property and dismiss forfeiture proceedings

**(5) Grounds raised:**

Invalid post-judgement forfeiture proceeding.

**(6) Did you receive a hearing where evidence was given on your motion, petition, or application?**   Yes ❏   No ✔

**(7) Result:**   Denied

**(8) Date of result (if you know):**   8/19/2013

**(b) If you filed any second motion, petition, or application, give the same information:**

**(1) Name of court:**

**(2) Docket or case number (if you know):**

**(3) Date of filing (if you know):**

**(4) Nature of the proceeding:**

**(5) Grounds raised:**

**(6) Did you receive a hearing where evidence was given on your motion, petition, or application?**   Yes ❏   No ❏

**(7) Result:**

**(8) Date of result (if you know):**

**(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?**

**(1) First petition:**      Yes ✔   No ❏

**(2) Second petition:**   Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

GROUND ONE:

Violation of multiple constitutional rights due to government's improper coercive demand for payment.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Movant entered into a plea and cooperation agreement with the government resulting in his entry of a guilty plea and imposition of a 135-month sentence.  His plea was premised on rights granted to defendants to have the potential for sentence relief under USSG 5K1.1 and Fed. R. Crim. P. 35.  The government, however, acting on improper grounds, withheld the opportunity for cooperation benefit, and prejudiced the defendant by expressly conditioning, following entry of the plea, movant's provision of such cooperation (and potential sentencing benefit) on an exorbitant demand for payment to the government by the movant's sister: barring movant from cooperating unless his sister gave the government her condominium home, even though the government lacked any basis in fact or law for coercing the surrender of her property.  The government's use of such improper economic coercion of the movant's sister constituted a violation of the Due Process Clause and of the movant's right to equal protection of the laws, rendered the sentence imposed cruel and unusual and effectively a debtor's prison, and violated the Excessive Fines Clause.  As a result, the Court should fashion relief that vindicates the judicial process, and should vacate the movant's convictions or, alternatively, vacate and reduce the sentence to effectuate a sentence adjustment commensurate with the sentence resolution that would have resulted had the movant's cooperation not been thwarted by economic blackmail. [See attached supplement for further statement of claim.]

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:

Violation of due process rendering unenforceable waiver and forfeiture provisions of plea agreement.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The government's impermissible use of economic coercion, attempting to force the movant's sister to forfeit her home in order for the movant to receive consideration for his cooperation, and use of the plea agreement to further that improper forfeiture objective compels that the waiver and forfeiture provisions of the plea agreement be voided in order to render the plea voluntary within the meaning of the Due Process Clause.  There was no basis for the government to forfeit property belonging to the movant's sister, and compelling the movant to waive rights as to forfeiture, in order to assist the government in the improper effort to forfeit property of the movant's sister, rendered the plea waivers involuntary.  [See attached supplement for further statement of claim.]

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❏    No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❏    No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds supporting this motion were not previously raised because the full record necessary for their presentation was not developed and the entire course of government misconduct was not completed.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☑  No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Appeal of motion to return property and dismiss forfeiture proceedings (11th Cir. No. 13-13960) and appeal of forfeiture order (11th Cir. No. 13-14542); the appeals have been consolidated.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

David Tucker and Brian Barakat

(c) At trial:

(d) At sentencing:

David Tucker and Brian Barakat

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:


16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in
      the same court and at the same time?      Yes ☑ No ❑

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that
      you are challenging?      Yes ❑ No ☑
      (a)  If so, give name and location of court that imposed the other sentence you will serve in the
      future:

      (b) Give the date the other sentence was imposed:

      (c) Give the length of the other sentence:

      (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the
      judgment or sentence to be served in the future?      Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

grant the motion to vacate conviction and sentence and, alternatively, reduce his sentence,

grant him an evidentiary hearing and related or collateral relief due to the government's actions,

or any other relief to which movant may be entitled.

_____

Signature of Attorney

Executed (signed) on  _December 20, 2013_  (date).

_____

Signature of Movant

### SUPPLEMENT TO STATEMENT OF 28 U.S.C. § 2255 CLAIMS

"The federal sovereign, like the States, must govern impartially. The concept of equal justice under law is served by the Fifth Amendment's guarantee of due process, as well as by the Equal Protection Clause of the Fourteenth Amendment." *Hampton v. Mow Sun Wong*, 426 U.S. 88, 100, 96 S.Ct. 1895, 1903 (1976). *Accord, e.g., United States Dep't of Agriculture v. Moreno*, 413 U.S. 528, 533 n. 5, 93 S.Ct. 2821, 2825 n. 5 (1973); *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694 (1954). In this case, the government – acting in plain violation of its obligation to do justice to each individual, and in a manner that ran afoul of the constitutional prohibition against the doctrine of corruption of the blood, utilized economic coercion in a manner akin to blackmail in order to extract plea agreement concessions and then as a basis to withhold from the movant the opportunity to obtain sentence amelioration under U.S.S.G. § 5K1.1 and Fed. R. Crim. P. 35 based on cooperation with the government.

CLAIM ONE: The government expressly conditioned the movant's cooperation in the investigation and prosecution of other persons on his sister's payment to the government in the form of relinquishing her home that she obtained without assistance of the movant and as to which no basis for forfeiture existed.

The government's improper actions violated multiple constitutional provisions, including that of due process and equal protection of the laws. Due process is violated when a prosecutor interferes with the free determination of a defendant or witness in criminal proceedings, including in a plea context, by engaging in coercive conduct, including as to members of the defendant's family. *See, e.g., United States v. Foster*, 128 F.3d 949, 953 (6th Cir. 1997)("Governmental conduct which amounts to a substantial interference with a witness's free and unhampered determination to testify will violate due process."); *United States v Henricksen*, 564 F.2d 197, 198 (5th Cir. 1977)

(government violated due process by telling codefendant his plea agreement would be void if he testified for a codefendant); *United States v. Golding*, 168 F.3d 700, 702-04 (4th Cir. 1999) (prosecutor's threat to initiate federal marijuana possession charges against defendant's wife if she testified for the defendant improper); *cf. Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988) (threat to prosecute *validly* indicted pregnant woman did not unconstitutionally coerce her husband to plea); *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir.1984) ("[Defendant's] pleas would not be involuntary by reason of his desire to extricate his relatives from such a possible *good faith* prosecution.") (emphasis added).

The government, in direct violation of these due process principles and U.S. Attorney Guidelines, used the coercive control over sentencing reduction to seek to extract an unwarranted confiscation of assets.  *See* U.S. Attorneys Manual, 9-113.106, Settlement of Forfeiture in Conjunction with Plea Bargaining, U.S. Attorneys' Manual 9-113.106 (May 2010) ("In all cases, agreements must be based upon facts which support forfeiture. The Department does not ... permit defendants to submit property which is otherwise not subject to forfeiture in order to lighten the potential incarceration component of the punishment.").

That the government's threats to the movant related to an otherwise discretionary aspect of the prosecutorial function did not minimize the constitutional violation.  The government has the power, but not the duty, to file a substantial-assistance motion when the defendant has provided substantial assistance. *See Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843 (1992) (addressing the government's failure to file a substantial-assistance motion in the U.S.S.G. § 5K1.1 context); *United States v. McNeese*, 547 F.3d 1307, 1308-09 (11th Cir. 2008) (applying *Wade* in the Rule 35(b) context).

Notably, federal district courts may review the government's refusal to file a

2a

substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185–86, 112 S.Ct. at 1843-44. In addition, review would also be authorized where the prosecutor's motive in refusing to move "was not rationally related to any legitimate Government end." *Id.* at 186, 112 S.Ct. at 1844. When the government does not file a motion for substantial assistance, courts are ***not*** precluded from intruding into prosecutorial discretion where "the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *United States v. Forney*, 9 F.3d 1492, 1501-02 (11th Cir. 1993). The same constitutional principles apply to the circumstance in the present case where the defendant's ability to cooperate was foreclosed by a bad faith attempt to force the confiscation of property of a family member of the defendant. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (limiting "our review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive").

The Court is called upon in the context of this claim to determine whether the government may use its power to control a defendant's access to the benefits of U.S.S.G. § 5K1.1 and Fed. R. Crim. P. 35 to coerce or attempt to coerce an improper and groundless forfeiture of the property of a family member. In this case, the government proceeded to use this economic coercion despite awareness of the valid source of funding for movant's sister's home and even though the government had extracted the defendant's general waiver of forfeiture of family property as a condition of the plea. The government's actions violate due process and, because they make the defendant's liberty turn on his family's willingness to pay to the government sums to which the government is not entitled, violate the Eighth Amendment proscription against excessive fines. Further, because the government's tactics burden more severely those without sufficient assets to pay off an unwarranted

claim on which the government conditions sentence reduction, the government's actions violated equal protection.

CLAIM TWO: The government drafted a plea agreement and proffer for the defendant with language designed to make up for the lack of an actual basis for seeking to confiscate property of family members of the defendant lacking any connection to his offenses. The vague language of waiver as to forfeiture was then used by the government to substitute for its obligation to show a probable cause basis for seeking forfeiture of movant's sister's home. Because the purpose of the plea agreement provisions was to further an improper use of sentencing provisions to force the forfeiture to the government of property having no connection to the case, the defendant's submission to the terms of the agreement was involuntary in violation of the Due Process Clause and his obligations thereunder pertaining to forfeiture and other waiver provisions should therefore be voided.

Thus, while "almost anything lawfully within the power of a prosecutor" is acceptable in exchange for a guilty plea, this wide discretion of action also requires a "prosecutor acting in good faith." *United States v. Pollard*, 959 F.2d 1011, 1021 (D.C. Cir. 1992). The *Pollard* court explained that a demonstration of government good faith is essential in refuting a claim of improper harassment that results in impermissible coercion. *Id.* In analogous circumstances in *United States v. Nuckols*, 606 F.2d 566, 569-70 (5th Cir. 1979), the former Fifth Circuit reversed the denial of post-conviction relief where the district court failed to hold an evidentiary hearing on the defendant's claim that his guilty plea was involuntary. The defendant alleged that his guilty plea was induced by threats to prosecute his wife. *Id.* The government did not deny making such threats but argued that the defendant's contention of involuntariness was barred on appeal by his statement to the contrary at the rearraignment. *Id.* at 568-69. The court noted that "guilty pleas made in consideration of lenient

4a

treatment as against third persons pose a greater danger of coercion than purely bilateral plea bargaining, and that, accordingly, special care must be taken to ascertain the voluntariness of guilty pleas entered in such circumstances." *Id.*

The use of the broad brush of forfeiture of all family property as a means to condition the defendant's consent to the course of plea bargaining and cooperation demanded by the government rendered, in this case, the forfeiture concessions and waivers invalid.